COPELAND & THOMPSON, INC., ET AL. *v.* UNITED STATES

**No. 7158.**—Invoices dated Stoke on Trent, England, May 18, 1946, etc.
Certified May 22, 1946, etc.
Entered at New York, N. Y., June 13, 1946, etc.
Entry No. 768037, etc.

(Decided April 8, 1947)

*Benjamin A. Levett* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

LORD & TAYLOR (GLOBE SHIPPING CO., INC.) *v.* UNITED STATES

**No. 7159.**—Invoice dated London, England, April 25, 1946.
Certified April 26, 1946.
Entered at New York, N. Y., June 4, 1946.
Entry No. 765689.

(Decided April 8, 1947)

*John D. Rode* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

TILSON, Judge: This appeal involves the question of whether or not a so-called British purchase tax should be included as a part of the dutiable value of the merchandise. In *United States* v. *Pitcairn,* C. A. D. 334, our appellate court held that this tax was not a part of the dutiable value.

In submitting this appeal counsel for the respective parties have agreed that the issues herein are the same in all material respects as the issues in *Pitcairn, supra,* and the record therein has been admitted in evidence in this case.

Upon the agreed facts and following the authority cited, I find and hold the proper dutiable value of the walking sticks covered by this appeal to be the value found by the appraiser, less any additions made by the importer on entry because of advances made by the appraiser in similar cases. Judgment will be rendered accordingly.